IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

GARY DENNIS,                                    Case No. 3:10-cv-01251-MA

                        Plaintiff,             AMENDED OPINION AND ORDER

        v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

                        Defendant.

BRUCE W. BREWER
Attorney at Law
419 Fifth Street
Oregon City, Oregon 97045

        Attorney for Plaintiff

S. AMANDA MARSHALL
United States Attorney
ADRIAN L. BROWN
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204

LEISA A. WOLF
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104

        Attorneys for Defendant

1 - AMENDED OPINION AND ORDER

MARSH, Judge:

On March 6, 2012, this Court issued an Opinion and Order (#32), affirming the final decision of the Commissioner of Social Security denying plaintiff Gary Dennis' applications for benefits and dismissing plaintiff's case. Plaintiff now moves for reconsideration of that Opinion pursuant to Fed. R. Civ. P. 59(e). For the reasons set forth below, plaintiff's motion for reconsideration is GRANTED.

## BACKGROUND

Born on April 8, 1971, plaintiff filed his first applications for supplemental security income (SSI) and disability insurance benefits (DIB) in November 1996, alleging disability as of January 1, 1991. On May 13, 2004, at his third hearing, plaintiff amended his alleged onset date to June 15, 1995, and asserted disability due to anxiety, borderline intellectual functioning, hepatitis C, attention deficit hyperactivity disorder, seizures, depression, personality disorder, and tendonitis. As detailed in the Opinion, plaintiff's case has a lengthy procedural history including remand orders from the Appeals Council and this court.

The current proceeding involves plaintiff's appeal from the ALJ's fourth unfavorable decision. Plaintiff appealed that decision directly to this Court. In his complaint, plaintiff alleged that the ALJ erred by: 1) determining that his substance abuse was material; 2) finding that his impairments did not meet

listing 12.05C; 3) improperly rejecting lay testimony; 4) inadequately evaluating a physician's opinion; 5) concluding that plaintiff had past relevant work; and 6) applying the Medical-Vocational Guidelines (the "Grids") at Step Five. In my March 6, 2012 Opinion, as is relevant here, I concluded that even if the ALJ erred in finding that plaintiff could perform past relevant work or the ALJ erroneously relied upon the Grids, such errors were harmless because the ALJ made alternative Step Five findings supported by VE testimony.

## DISCUSSION

Reconsideration under Rule 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc), cert. denied, 529 U.S. 1082 (2000).

In his motion to reconsider, plaintiff argues that this Court committed clear error in two ways: 1) by not finding that the ALJ erroneously utilized the Grids at step five; and 2) by relying on the VE testimony at Step Five where the VE testimony does not identify jobs by specific DOT title or incidence. Therefore, plaintiff submits that based on my findings, the ALJ's decision must be reversed and remanded and my Opinion and Order and Judgment must be corrected accordingly.

3 - AMENDED OPINION AND ORDER

In response, the Commissioner contends that this case should be resolved at Step Four because plaintiff can perform his past relevant work.  I disagree.  In my previous Opinion and Order, I noted that plaintiff raised a concern about whether his past relevant work constituted substantial gainful activity.  I adhere to my previous opinion on that point.

Plaintiff first asserts that the Court committed clear error because "the ALJ did, in fact, [improperly] use the [G]rids to deny the claim."  Id. at 3-4.  As I discussed in the Opinion, the Commissioner can meet his step five burden by applying the Grids or taking the testimony of a VE.  Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); see also Lounsbury v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006).  I noted that the Grids "are inapplicable when a claimant's nonexertional limitations are 'sufficiently severe' as to significantly limit the range of work permitted by the claimant's exertional limitations."  Hoopai v. Astrue, 499 F.3d 1071, 1075 (9th Cir. 2007).  In such instances, the Commissioner must take the testimony of a VE and identify specific jobs that the claimant can perform despite his limitations.  Burkhart, 856 F.2d at 1340.

As I noted at page 19 of the Opinion, plaintiff has non-exertional limitations in the areas of concentration and social functioning.  Therefore, to the extent that the ALJ relied on the Grids, I found that the ALJ erred.  Continuing, I discussed that

because the ALJ made alternative Step Five findings, his reliance on the Grids was harmless.

Plaintiff now contends that the ALJ's reliance on the VE's testimony is misplaced because the VE did not identify any jobs by DOT code or establish the specific number of those jobs in existence in the local and national economies.  Plaintiff contends that because the ALJ's Step Five findings are not supported by substantial evidence in the record, I erred in failing to remand this case.  Although plaintiff did not present this specific issue in his earlier briefing, a closer examination of the VE's testimony demonstrates that plaintiff is correct.

Here, the ALJ determined that, absent plaintiff's substance abuse, he has the RFC to perform medium exertion work, involving simple, routine, repetitive tasks and minimal public contact.  (Tr. 1046.)  At the most recent hearing, the ALJ posed the following hypothetical to the VE:

> [a]ssume an individual of similar age, education, work experience as the claimant.  Assume that this individual would be [capable to] work at the medium exertion level[.]  And this individual would be restricted to simple work, nothing complex, no skilled work[.]  And they should have minimal interaction with the public.  Assuming that hypothetical, would there be work such an individual could perform which exists in the national economy?  (Tr. 1416.)

The VE responded in two parts, first concerning whether plaintiff could perform his past relevant work, and second, whether

other jobs existed that plaintiff could perform.   The VE stated
that the hypothetical individual could perform some work "from the
relevant work history period," such as hopper feeder, casting
grinder and kitchen helper.   (Tr. 1416.)   The VE previously
identified these jobs as having DOT codes of 699.686-010, 705.684-
074, and 318.687-010, respectively.   The VE also stated that in
addition, there would be a "substantial number of other unskilled
medium and light jobs that could be performed. (Id.)   However,
those additional jobs were not identified by DOT title or incidence
in the national or regional economy.

     The ALJ then added to the hypothetical that the individual
would need to have minimal interactions with co-workers.   Again,
responding in two parts, the VE testified that the position of
kitchen helper would be eliminated, but that hopper feeder and
casting grinder would still be appropriate.   Further, the VE
testified that "[a]t least 50 percent of the unskilled, medium
[exertion jobs]" and a "substantial number of light, unskilled
jobs" in existence in the national economy also could be performed,
even with the additional restriction. (Tr. 1417.)   Again, however,
the VE did not identify specific jobs by DOT title or incidence.
As I stated in the Opinion, the ALJ expressly adopted the VE's
testimony in his alternative findings at Step Five.

     As this further inquiry reveals, although the VE identified a
substantial number of unskilled light and medium jobs that

plaintiff could perform, it is clear that the ALJ's failure to positively identify such jobs by DOT title and incidence renders his Step Five finding unsupported by substantial evidence. 20 C.F.R. § 1560(c)(2). Therefore, it is clear that the ALJ has erred at Step Five, that the error is not harmless, and the matter must be remanded to obtain such evidence. <u>See</u> <u>Carmickle v. Commissioner, Soc. Sec. Admin.</u>, 533 F.3d 1155, 1167 (9th Cir. 2008)(remanding case where ALJ erroneously relied upon VE's generic classifications without DOT numbers). It is unfortunate that the information was neither solicited nor provided at the May 20, 2010 hearing. Moreover, I question the utility of plaintiff's motion given the very limited scope of the remand necessitated by this order. However, as plaintiff correctly states, a remand to obtain such evidence is necessary and I erred in failing to so order in my earlier Opinion.

As such, plaintiff's motion is granted. Accordingly, this case is remanded for the limited purpose of obtaining VE testimony in response to the ALJ's hypothetical questions, including identifying specific jobs by DOT title that plaintiff can perform, and their incidence in the national and regional or local economies.

I note that in my earlier Opinion, I found no error with plaintiff's RFC and concluded that the ALJ's hypothetical questions properly incorporated plaintiff's RFC and other limitations.

7 - AMENDED OPINION AND ORDER

Further, plaintiff does not challenge the RFC findings on reconsideration and I adhere to my previous Opinion in all other respects.

### CONCLUSION

For the reasons set forth above, plaintiff's Motion to Alter or Amend the Judgment (#34) is GRANTED as to the VE's failure to identify jobs by DOT title and to establish the number of those jobs in existence.

Accordingly, the Commissioner's decision AFFIRMED in part, and REVERSED as to the Step Five findings, and REMANDED for the limited purpose of obtaining VE testimony concerning the specific job titles by DOT code and the number of those jobs in existence in response to the ALJ's hypothetical questions.

IT IS SO ORDERED.

DATED this _20_ day of April, 2012.


Malcolm F. Marsh
United States District Judge

8 - AMENDED OPINION AND ORDER